**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------X Case No. 18-cv-00886

WANDA DIAZ, on behalf of herself
individually and all others similarly situated,

                                  Plaintiff,

                                                     **CLASS ACTION**
        -against-                                       **COMPLAINT**

GC SERVICES LIMITED PARTNERSHIP,

                                  Defendant.
------------------------------------------------------------------------X

       Plaintiff, by and through her attorneys, FAGENSON & PUGLISI, PLLC, upon knowledge as to herself and her own acts, and as to all other matters upon information and belief, brings this complaint against above-named defendant and in support thereof alleges the following:

## INTRODUCTION

       1.    This is an action for damages brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction pursuant to the FDCPA, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. This Court has venue pursuant to 28 U.S.C. § 1391(b) in that a substantial portion of the events or omissions giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff is a natural person.

5. At all times material herein, plaintiff resided in this District.

6. Plaintiff is a consumer within the meaning of 15 U.S.C. § 1692a(3) as she is a natural person who is alleged by defendant to owe a financial obligation.

7. The financial obligation which defendant sought to collect from plaintiff is a debt within the meaning of 15 U.S.C. § 1692a(5) in that the obligation which defendant sought to collect is an allegedly defaulted Sears store account balance originally owned by Citibank, N.A. which was incurred, if at all, for personal, family or household purposes.

8. Defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6).

9. The principal purpose of defendant's business is the collection of defaulted consumer debts.

10. Defendant uses the mails in its business the principal purpose of which is the collection of defaulted consumer debts.

11. Defendant regularly collects or attempts to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

12. Upon information and belief, defendant is a foreign limited partnership formed under the laws of the State of Delaware.

## FACTUAL ALLEGATIONS

13. Plaintiff re-alleges paragraphs 1 to 12 as if fully re-stated herein.

14. Defendant sent to plaintiff a collection letter dated May 31, 2017.

15. Defendant alleged in the letter that it was attempting to collect the Sears debt on behalf of Citibank.

16. At the time defendant sent the letter, the debt was in default.

17. In the caption of the letter, defendant stated that the balance of the debt was $2,030.90.

18. In the letter defendant stated, in pertinent part:

"We'd like to let you know that our client, Citibank, N.A., has authorized us to make you a settlement offer on your account. If you pay 75% of the New Balance, our client will consider your account settled.

This is an excellent opportunity to take care of your account. If you wish to take advantage of this offer, either call our office at 866-492-5125 or mail us your payment of $1,523.18.

Please note the payment must be for the exact amount stated in this letter and must be received no later than fourteen (14) days from the date of this letter or this particular offer will be null and void. Please understand our client is not obligated to renew this offer.

Citibank, N.A. may report a discharge of indebtedness if required by applicable tax law. This reporting may have tax consequences to you. Please contact your tax advisor if you have any questions."

19. In the letter, defendant made an offer of settlement involving a discharge of indebtedness of $507.72.

20. Upon receipt of defendant's letter and upon reading defendant's statements in its letter that "Citibank, N.A. may report a discharge of indebtedness if required by applicable tax law. This reporting may have tax consequences to you" (the "Discharge of Indebtedness Language"), plaintiff felt she may get into trouble with the IRS for refusal to pay the full alleged balance of the debt.

21. Upon receipt of defendant's letter and upon reading defendant's Discharge of Indebtedness Language, plaintiff believed, erroneously, that if she negotiated to settle the debt for less than the full balance claimed then Citibank would report the settlement to the IRS.

22. Upon receipt of defendant's letter and upon reading defendant's Discharge of Indebtedness Language, plaintiff feared, erroneously, that the IRS would be involved in some manner with the settlement of her debt.

## AS AND FOR A FIRST CAUSE OF ACTION

<u>Intimidation of plaintiff by the Discharge of Indebtedness Language</u>

15 U.S.C. §§ 1692e and 1692e(2)(A)

23. Plaintiff re-alleges paragraphs 1 to 22 as if fully re-stated herein.

24. Defendant stated in the letter that the balance of plaintiff's debt was $2,030.90.

25. In the letter defendant offered to settle the debt for $1,523.18–which represents a discharge of indebtedness of $507.72.

26. In the letter defendant included the Discharge of Indebtedness Language that:

> "Citibank, N.A. may report a discharge of indebtedness if required by applicable tax law. This reporting may have tax consequences to you."

27. No law required defendant to include the Discharge of Indebtedness Language in its collection letter to plaintiff.

28. Defendant did not offer to discharge an amount of principal of $600.00 or more in the collection letter.

29. The amount of debt defendant offered to discharge did not meet the $600.00 principal minimum threshold required for reporting to the IRS.

30. Defendant did not even mention in its letter that Citibank must discharge an amount of principal of at least $600.00 in order to trigger the IRS reporting requirement.

31. Defendant did not mention in its letter that it is the discharge of indebtedness which is principal, in the amount of $600.00 or more, that triggers the IRS reporting requirement.

32. Upon reading defendant's letter, plaintiff believed, erroneously, that the Discharge of Indebtedness Language applied to the settlement offer made by defendant in its letter.

33. Upon reading defendant's letter, the least sophisticated consumer would believe, erroneously, that the Discharge of Indebtedness Language applied to the settlement offer made by defendant in its letter.

34. Defendant included the Discharge of Indebtedness Language in an effort to deceive and mislead plaintiff into thinking that the IRS would get involved in the collection of the debt although there was no set of circumstances, based on defendant's settlement offer, in which the IRS would be involved.

35. Defendant included the Discharge of Indebtedness Language in expectation that plaintiff, having been deceived, would then be misled into settling the debt without negotiating it out of fear that the settlement would be reported to the IRS.

36. Defendant included the Discharge of Indebtedness Language in an effort to deceive and mislead the least sophisticated consumer into thinking that the IRS would get involved in the collection of the debt although there was no set of circumstances, based on defendant's settlement offer, in which the IRS would be involved.

37. Defendant included the Discharge of Indebtedness Language in expectation that the least sophisticated consumer, having been deceived, would then be misled into settling the debt without negotiating it out of fear that the settlement would be reported to the IRS.

38. Defendant's inclusion of the Discharge of Indebtedness Language in its letter is a ploy illicitly to increase collections.

39. Defendant's Discharge of Indebtedness Language falsely represents the legal status of the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(2)(A), by misleading plaintiff and the least sophisticated consumer into believing that the discharge of indebtedness of $507.72 offered by defendant could be required to be reported to the IRS, notwithstanding that the discharge offered was less than the $600.00 principal minimum threshold required for IRS reporting.

40. Defendant's Discharge of Indebtedness Language is also a false, deceptive and misleading representation and means used by defendant in connection with the collection of the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(2)(A), in that the statement was inserted by defendant to intimidate plaintiff and the least sophisticated consumer into paying the debt without negotiation for fear of the reporting of a settlement to the IRS and for fear of getting into trouble with the IRS.

## CLASS ALLEGATIONS

41. Plaintiff re-alleges paragraphs 1 to 40 as if fully re-stated herein.

42. This action is brought on behalf of plaintiff and the members of a class and subclass. The class consists of all natural persons who defendant's records reflect were sent debt collection letters within the State of New York within the period of time commencing one year before the filing of this complaint up to and including the date of the filing of the complaint and who were sent a collection letter (a) in substantially the same form as the collection letter defendant sent to plaintiff; (b) the collection letter was sent to a consumer seeking payment of a consumer debt owed to Citibank, N.A. from a Sears branded store card account; (c) in the collection letter defendant offered a settlement which involved a discharge of indebtedness of less than $600.00; (d) the collection letter was not returned by the postal service as undeliverable; and (e) the collection letter states, in sum or substance:

> "Citibank, N.A. may report a discharge of indebtedness if required by applicable tax law. This reporting may have tax consequences to you."

43. The class does not include defendant or persons who are officers, directors, or employees of defendant.

44. The class shall be defined as follows:

> *All natural persons with addresses within the State of New York to whom defendant sent a letter in an attempt to collect a Sears store credit card debt alleged to be owed to Citibank, N.A., in which letter defendant makes an offer of settlement involving a discharge of indebtedness of less than $600.00 and in which letter defendant states, in sum or substance: "Citibank, N.A. may report a discharge of indebtedness if required by applicable tax law. This reporting may have tax consequences to you", during the period from one year before the filing of the complaint to the date of the filing of the complaint inclusive, and which letter was not returned by the postal service as undeliverable.*

45. The subclass consists of all natural persons who defendant's records reflect were sent debt collection letters within the City of New York within the period of time commencing one year before the filing of this complaint up to and including the date of the filing of the complaint and who were sent a collection letter (a) in substantially the same form as the collection letter defendant sent to plaintiff; (b) the collection letter was sent to a consumer seeking payment of a consumer debt owed to Citibank, N.A. from a Sears branded store card account; (c) in the collection letter defendant offered a settlement which involved a discharge of indebtedness of less than $600.00; (d) the collection letter was not returned by the postal service as undeliverable; and (e) the collection letter states, in sum or substance:

> "Citibank, N.A. may report a discharge of indebtedness if required by applicable tax law. This reporting may have tax consequences to you."

46. The subclass does not include defendant or persons who are officers, directors, or employees of defendant.

47. The subclass shall be defined as follows:

*All natural persons with addresses within the City of New York to whom defendant sent a letter in an attempt to collect a Sears store card debt alleged to be owed to Citibank, N.A., in which letter defendant makes an offer of settlement involving a discharge of indebtedness of less than $600.00 and in which letter defendant states, in sum or substance: "Citibank, N.A. may report a discharge of indebtedness if required by applicable tax law. This reporting may have tax consequences to you", during the period from one year before the filing of the complaint to the date of the filing of the complaint inclusive, and which letter was not returned by the postal service as undeliverable.*

48. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letter that is the gravamen of this litigation is a mass-mailed form letter, the class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received similar debt collection letters from defendant which violate the various provisions of the FDCPA.

(B) There are questions of law and fact common to the class and subclass, and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether defendant violated the FDCPA including but not limited to §§ 1692e and 1692e(2)(A) by inserting the Discharge of Indebtedness Language in its collection letter to plaintiff and those similarly situated to plaintiff.

(C) The only individual issue is the identification of the consumers who received the letters (the class members), a matter capable of ministerial determination from the records of defendant.

(D) The claims of plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) Plaintiff will fairly and adequately represent the class members' interests. Plaintiff has retained experienced counsel. Plaintiff's interests are consistent with those of the members of the class and subclass.

49. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA in 15 U.S.C. § 1692k. The members of the class and subclass are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class and subclass would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

50. If the facts are discovered to be appropriate, plaintiff will seek to certify a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

51. Communications from debt collectors, such as those sent by defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

52. As a result of the above violations, defendant is liable to plaintiff and the members of the class and subclass for damages in an amount to be determined at the time of trial, plus costs and attorneys' fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

- (a) certifying a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure;

- (b) awarding class members the maximum statutory damages pursuant to 15 U.S.C. § 1692k;

- (c) awarding maximum individual statutory damages pursuant to 15 U.S.C. § 1692k;

- (d) awarding actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at time of trial;

- (e) awarding reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. § 1692k; and

- (f) for such other and further relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests trial by jury on all issues so triable.

Dated: New York, New York
       January 31, 2018.

                                                */s/ Novlette R. Kidd*
                                                NOVLETTE R. KIDD, ESQ. (NK 9339)
                                                FAGENSON & PUGLISI, PLLC
                                                Attorneys for Plaintiff
                                                450 Seventh Avenue, Suite 704
                                                New York, New York 10123
                                                Telephone: (212) 268-2128
                                                Nkidd@fagensonpuglisi.com